Brinham *et al. versus* The Wellersburg Coal Company *et al.*

47　　43
19 SC ²481

*Contribution as between stockholders of corporation organized under Act of* 1849, *how enforced.*

1. The creditors of an incorporated company may enforce their claims by suit at law against the corporation, though they are stockholders therein.

2. Where certain of the stockholders of a corporation organized under the general law of April 7th 1849, were sued together with the company, and a judgment obtained which they were compelled to pay, their right to enforce contribution from the other stockholders is exclusively under the provisions of the statute, and not in equity.

CERTIFICATE from the Court at *Nisi Prius.*

This was a proceeding founded on a bill in equity, filed in the Supreme Court by John R. Brinham and George W. Brinham, who were stockholders in the Wellersburg Coal Company, and John D. Roddy, their assignee, against The Wellersburg Coal Company and Isaac C. Reeves, Joseph W. Souder, Robert Houston, Ferdinand C. Manderson, Charles H. Walker, and Robert McClelland, who were also stockholders in said company.

The bill alleged the organization and incorporation of the Wellersburg Coal Company, in the year 1855, under the Act of April 7th 1849, and the supplements thereto, and that the company's place of business was in Somerset county, Pennsylvania.

" That the complainants, the Brinhams, are and have been since the organization of the company, stockholders therein, holding together as partners eleven hundred shares of the stock.

" That said Brinhams were, during the years 1855, 1856, and 1857, carrying on business as partners at Wellersburg, in Somerset county, and during those years furnished to said company machinery, provisions, merchandise, country produce, and materials, to the amount of $1945.61, a statement of which was annexed to the bill. That during the same time they, under an agreement with the company and certain labourers employed by the company, paid and advanced a large amount of money to said labourers for debts due to them by the company, and became the assignees of their claims, the said Brinhams to stand in the same position, and have the same rights respecting said claims as said labourers, which payments and advances amount to the sum of $10,492.65, a statement of which was annexed to the bill.

" That during the years 1856, 1857, and 1858, said company paid to said Brinhams, and for them, various sums of money, and furnished them with certain goods, for which credit was given the company, amounting to the sum of $9083.10, a statement of which was also annexed; and that the balance due, after allowing said credit, was $3355.16, which is still unpaid.

[Brinham *v.* Wellersburg Coal Co.]

"That suit was brought on said claims, to the use of complainant Roddy, against the company, in the Court of Common Pleas of Somerset county, and on the 18th of August 1859, judgment obtained thereon. That an execution was issued on said judgment, but no property of the company could be found to satisfy it.

"That the company was indebted to E. C. Tilson for labour performed by him during 1855, 1856, 1857, and 1858, for which suit was brought in said Common Pleas of Somerset county, against said company and certain of the stockholders thereof, and on the 13th of November 1860, judgment was obtained thereon for $1189.61 against said company, and said Brinhams as stockholders, they being the only stockholders residing in that county; and that no property of the company being found to satisfy said judgment, said Brinhams were compelled to and did pay the same.

"That said company was indebted for materials furnished to said company during the same years, to Barney Dilly in the sum of $81.32, to J. W. Magruder in the sum of $54.17, and to E. W. Hall in the sum of $36.10, and had no property by which said claims could be paid; that the stockholders were individually liable for said debts, and said Brinhams, being the only stockholders in said Somerset county, where said debts were contracted, paid the same to avoid suit and to save costs.

"That defendants have been since the organization of said company, and are still, the owners of stock therein as follows: Isaac C. Reeves, fifteen hundred shares; Joseph W. Souder, twelve hundred and ninety-seven shares; Benjamin K. Souder, two hundred shares; Robert Houston, fifteen hundred shares; Ferdinand C. Manderson, Charles H. Walker, and Robert McClelland, one share each, and are all the stockholders known to complainants, not having possession of the books of the company nor access to the same. Praying that discovery may be made of the names of all the stockholders since the organization of the company, how much stock by each held, when obtained, and if disposed of, when, and that complainants may be at liberty to insert the names of such other stockholders when discovered, as defendants in said bill."

Complainants then charged that the defendants, stockholders of said company, are jointly and severally liable, in their individual capacities, for the indebtedness of said company to said Brinhams, above set out, and are liable to contribute their proportions towards payment of the same, in proportion to the amount of stock held by them respectively, and are also liable to contribute their said proportions towards repayment of the amounts paid by said Brinhams, as aforesaid, for said company.

That said Brinhams have assigned to said John D. Roddy

[Brinham v. Wellersburg Coal Co.]

their said claims against said company, and the stockholders thereof.

A *subpœna* issued upon this bill, and was returned *nihil habet* as to Robert Houston, and *mortuus est* as to Robert McClelland. The other defendants, Isaac C. Reeves, Joseph W. Souder, Benjamin K. Souder, Ferdinand C. Manderson, and Charles H. Walker, who were served, demurred to the bill, and for cause of demurrer alleged—

1. That complainants have not, in and by their bill, made or stated such a case as entitles them to any such discovery or relief as is thereby sought and prayed for from or against these defendants; and

2. That if any cause of action whatever against these defendants be stated in their bill, the same is. given to complainants by the statute law of this Commonwealth, and does not exist either by virtue of the common law or in equity, and that by the same statutes a full, complete, and adequate remedy is provided for the enforcement of the rights thereby created.

On the 27th June 1863, a decree was entered in the suit that the demurrer be allowed, and that the complainants' bill be dismissed with costs; which was the error assigned.

June 27th 1863. On the suggestion of the judge at Nisi Prius, it was agreed that complainants may appeal to the Supreme Court in banc, without affidavit or recognisance of bail.

*George Sergeant* and *John C. Bullitt*, for appellants, argued that the manner of proceeding mentioned in the 23d section of the Act of April 7th 1849, which provides for enforcing the individual liability of stockholders, was not exclusive : citing and relying on Hill *v.* Frazier, 10 Harris 323 ; Patterson *v.* Manufacturing Company, 4 Wright 117; Bailey *v.* Bancker, 3 Hill's N. Y. Rep. 188; Ang. & Ames on Corp. 611, 619; Allen *v.* Sewall, 2 Wend. 327.

It is a general rule of law, that where several are jointly and severally bound to pay a sum of money, and one of them pays the whole, or more than his share, and thereby relieves the others from their liability, he may recover from the others the *aliquot* proportion which they ought to pay. They are held under an implied promise to contribute each his share : 1 Pars. on Cont. 32 ; Campbell *v.* Meiser, 4 Johns. Ch. 334 ; Fletcher *v.* Grover, 11 N. H. Rep. 368; 1 Vern. Rep. 456; 1 Mad. Ch. 234, 235; 1 Story's Eq. Jur. §§ 492, 493.

" The right to contribution in equity exists when all are equally bound and are equally relieved; all therefore should contribute towards a benefit done to all :" Horback's Adm'r. *v.* Elder, 6 Harris 37 ; 1 Story's Eq. Jur. § 493; Russell *v.* Taylor, 1 Ohio S. R. 330; 1 Pars. on Cont. 33 ; Pitt *v.* Pursord, 8 M. &

W. 538; Child *v.* Morley, 8 T. R. 614; 1 Ohio S. R. 327.   The 23d section of the act gives the paying stockholder the right to contribution from the others.   Separate actions at law might be brought by the stockholder paying against the others for contribution, but the usual and indeed almost the only effectual method of enforcing such contribution is in equity, in which all parties can be brought before the court in a single suit.   In some cases the remedy at law is utterly inadequate, as when some of the parties liable to contribution are insolvent; at law only such share can be recovered from those solvent, as they would be liable for if all were solvent.   In equity, the insolvent's share is apportioned among those solvent: Story's Eq. Jur. §§ 478, 483, 496, 504, 505, 683.   See also Davis *v.* Humphreys, 6 M. & W. 153; Bank of Virginia *v.* Adams, 1 Pars. Eq. C. 541; Bank of Kentucky *v.* Schuylkill Bank, 1 Id. 220; Wesley Church *v.* Moore, 10 Barr 273; Yard *v.* Patton, 1 Harris 282; Skilton *v.* Webster, Bright. Rep. 203.

The legislature, having placed these stockholders in such relation to each other as to these debts, intended that they should have the legal rights and responsibilities of that relation as between themselves, and did not intend that the right to contribution arising from that relation, and also given by the 23d section of the Act of 1849, in case one paid a debt for which all were liable, should be frustrated by any narrow and unjust construction of that act.

They contended that the claims set out in the bill filed were such as entitle the complainants to contribution from the defendants.   These claims are of four kinds :—

1. Claims for machinery, provisions, merchandise, country produce, and materials, furnished by complainants, Brinhams, to the company.   Judgment was obtained against the company on these claims in Somerset county, where the business of the company was carried on and execution issued, but no property of the company could be found to satisfy such judgment.   The said Brinhams being themselves stockholders, and liable to contribution, could not proceed at law against the other stockholders of the company, under the provisions of the Act of 1849 : Bailey *v.* Bancker, 3 Hill's N. Y. Rep. 188.

2. Claims of labourers paid by complainants, and assigned to them under an agreement with the company, that complainants were to stand in the same position, and have the same rights, as respects said claims, as said labourers : Hill *v.* Frazier, 10 Harris 324.

Judgment was likewise obtained on these claims against the company, execution issued, but no property found to satisfy the same.

3. Claims for materials furnished to the company by various

parties, and paid by Brinhams to avoid suits and save costs, the stockholders being jointly and severally individually liable for said claims, and Brinhams being the only stockholders in the county where said debts were contracted, and the company having no property by which said claims could be paid.

4. A claim on the judgment obtained against the company and the complainants, Brinhams, by E. C. Tillson, for labour, and which Brinhams were compelled to pay as stockholders, no property of the company being found to pay the same.

Complainants are entitled by the act to collect the amount paid by them rateably from the other stockholders, but discovery is first necessary of the number of shares of stock of the company, and who holds them. This discovery is asked for in the bill, with permission to add the names of such other stockholders, when discovered, as defendants.

The case of Patterson v. Lane, 11 Casey 275, relied on by appellees, was a bill in equity, filed by a creditor of the company against stockholders, to render them personally liable for his debt; and the court very properly held that he had an adequate remedy at law under the Act of 1849.

The case of Weigley v. The Coal-Oil Company, was on a promissory note in the hands of a third person, but originally given for materials. The court held that the personal liability of a stockholder did not extend to the holder of such note.

*F. C. Brewster* and *F. C. Brightly*, for appellees.—1. Neither at common law nor in equity is a stockholder individually liable for the debts of the corporation. If any such liability exists, it must be by force of the statutes of 1849 or 1854.

The objections to the jurisdiction are compounded—1st. Of the equitable principle that equity will not give relief where an adequate remedy exists at law; and 2dly. Of the provisions of the Act of 1806, that where a remedy is provided by statute, the directions of the act shall be strictly pursued: The Commonwealth v. The Wellersburg and Tioga Plank-Road Company, 11 Casey 152. Patterson v. Lane, 11 Casey 275, is on all fours with the one before the court, and it ought to rule the present controversy. See also Pusey v. Wright, 7 Casey 389, and Gallagher v. The Fayette County Railroad Company, 2 Wright 102. See also Bowman v. Herr's Ex'rs., 1 Penna. Rep. 282; Myers v. Black, 5 Harris 143; Craven v. Bleakney, 9 Watts 19; Downer v. Downer, Id. 60; Strichler v. Shaffer, 5 Barr 240; Mohler's Appeal, 8 Id. 39; Ashford v. Ewing, 1 Casey 213; Whiteside v. Whiteside, 8 Harris 473.

2. But complainants show no title to relief on the facts stated in their bill. They claim, first, the sum of $1945.61 for machinery, provisions, merchandise, country produce, and materials

furnished by them to the company; and $1189.61, the amount
of a judgment obtained by E. C. Tillson against the company
for labour, which they were compelled to pay. They, however,
admit that the company have paid them $9083.10, which is more
than enough to cover these claims. They claim, secondly, that
under an agreement with the company, and certain labourers
employed by the company, they paid and advanced the sum of
$10,492.65 to such labourers for debts due to them by the com-
pany, and become assignees of these claims, so as to stand in the
place of such labourers, &c. The truth of this transaction is,
that the amounts advanced by the plaintiffs were paid monthly
to the employees on the pay-roll of the company, in discharge
of its current liabilities for work and labour. The labourers
received their wages, as any labouring man would do, and this
idea of an agreement with them for a purchase of their claims
against the company, is an inference which the complainants
seek to draw from the mere fact of making the advances.

The statute only makes the corporation individually liable to
the labourers employed; a third party cannot, by advancing
money to pay the debts of the company, place himself in the
position of the labourers, so far as other stockholders are con-
cerned : Weigley *v.* The Coal-Oil Company, 19 Leg. Int. 292.

The plaintiffs claim, in the third place, several small claims
against the company for materials, which they paid to avoid suit.
These are clearly not within the provisions of the acts making
the defendants personally liable.

The members of a private corporation, that has no pecuniary
capital, may be compelled to contribute to a fund for the pay-
ment of its debts; but this doctrine does not apply to the stock-
holders of a corporation who have already contributed their
proportions to the capital stock of the company; as to them,
there exists no personal liability for its debts, either at common
law or in equity. Their liability, if any exists, is wholly a
statutory one. And where the statute also gives a mode of
enforcing it, neither a common law action nor a suit in equity
can be maintained.

In the construction of statutes, the word *may*, in an act pre-
scribing a remedy differing from that given by the common law,
is to be construed as *shall :* Shaeffer *v.* Jack, 14 S. & R. 429;
Quinn *v.* Wallace, 6 Wh. 461; Commonwealth *v.* Gable, 7 S. &
R. 426.

It is true, that it is not imperative on a creditor of the corpo-
ration to join the stockholders in a suit against the company; he
may look altogether to the responsibility of the corporation; but
if he intends to hold the stockholders liable at all, he must
pursue the only remedy given to him by law. Neither the common
law nor equity gives him any remedy independent of the statute,

[Brinham *v.* Wellersburg Coal Co.]

and to that must he look if he desires to hold the stockholders liable.

Independently of this view of the subject, there is no law whatever, statutory or otherwise, that gives one stockholder who voluntarily pays the debts of the company, a right to contribution against other stockholders. To give him a right to contribution, he must have been sued by a creditor, compelled by process of law to pay the debt, and then only has he a right to call on other stockholders who have not been sued, for contribution. He cannot make them his debtors by his own voluntary act, to which they are no parties.

The opinion of the court was delivered, March 21st 1864, by

AGNEW, J.—The complainants set forth in their bill four different claims. Three of these are in the capacity of creditors and assignees of creditors. As to them the complainants have their remedy at law by suit. The defendants being an incorporated company, there was nothing to forbid their action arising out of their relation as stockholders. A stockholder who has individual transactions with a corporation may become its creditor, and sue as others can.

One of the claims set forth is for moneys paid by the complainants as stockholders to a judgment-creditor who had sued the company for his claim, and joined with it the complainants and some others as stockholders, under the provisions contained in the 23d section of the Act of 7th April 1849. The judgment was rendered against the company and the Brinhams, who were the only stockholders residing in the county. The complainants, therefore, claim contribution from the other stockholders, as liable under the 5th section of the Act of 27th March 1854, supplementary to the Act of 7th April 1849. The right to contribution is clearly statutory. Neither at law nor in equity are stockholders contributing to the capital of an incorporated company individually liable for the debts of the corporation. The liability arises solely in the statutory provision. As a consequence it is wholly governed by the statute, and the rights of the party claimant under the statute must be ascertained by it.

The 5th section of the Act of 27th March 1854, making the stockholders of manufacturing companies jointly and severally liable for the debts of the company due to miners and others named in it, expressly provides that the liability is to be enforced, and collected in the manner provided for in the act to which this is a supplement.

The 23d section of the original Act of April 7th 1849, enabling a creditor to enforce a liability against the company and the stockholders, provides that he may join any one or more of the stockholders, and proceed to the mode of collection thus: "the

11 WR.—4

execution upon such judgment shall be first levied on the pro-
perty of such company, if it be found," &c.; and if property
not found sufficient, then " the deficiency, or so much thereof as
the stockholder or stockholders, defendants in such judgment,
shall be liable to pay, shall be collected of the property of such
stockholder or stockholders." The act then proceeds to give a
remedy to the stockholder paying the judgment thus: " On the
payment of any judgment aforesaid, or any part thereof by one
or more stockholders, the stockholder or stockholders so paying
the same shall be entitled to have such judgment or so much
thereof as may have been paid by him or them, assigned to him
or them for his or their benefit, *with power to enforce the same in
manner aforesaid*, first, against the company, and in case the
amount so paid by him or them shall not be collected of the pro-
perty of the company, then rateably against the other stock-
holders, if any such there be, originally liable for the claim on
which such judgment was obtained."

The argument of the complainant is that this section gives to
the stockholder paying the judgment a right of recourse to all
the stockholders, but provides no remedy ; and because a legal
action against each for contribution would be expensive and bur-
thensome, he has no convenient and sufficient remedy at law, and
must be permitted to seek it in equity.

The argument is founded in a misconstruction of the statute.
First, the liability to the creditor under the Act of 1854 is lim-
ited, and not general, or it is only a liability " to be enforced and
collected in the manner provided for in the act to which this is
a supplement." .

Next, under the Act of 1849, the liability is to be *enforced*
against those only who are made parties to the creditor's suit,
and against whom he obtained a judgment. The *collection* is
then specifically to be made by execution against the company,
and for want of goods, &c., against the stockholders, defendants
in the judgment.

Then, when we come to the remedy of the stockholder paying
the judgment, he is to have the use of the judgment by an assign-
ment for his benefit, " with power to enforce the same in *manner
aforesaid.*" What was the manner aforesaid ? It was execution
*first* against the company, and then against the stockholder liable
on the judgment. Now this is just what the act proceeds imme-
diately to say after the words in manner aforesaid, viz. : "*first*
against the company, and in case the amount so paid by him or
them shall not be collected of the property of the company,
*then* rateably against the other stockholders, if any such there
be, originally liable for the claim on which such judgment was
obtained." If the words originally liable for the claim on which
such judgment was obtained are to be interpreted to refer to all

[Brinham *v.* Wellersburg Coal Co.]

the stockholders who might have been served, then the power to enforce payment of the judgment in the section could not be in the *manner aforesaid*, for that manner was by execution against the company and the stockholders sued, while this interpretation would carry the remedy in some unprovided form to others not sued. The words "if any such there be," had reference not to stockholders not sued, but the defendant stockholders not joining in the payment of the execution. But if the remedy is intended to be given against other stockholders also, not in the judgment, and if it be left to the court to control the execution, so as it shall be levied *pro rata* of all the stockholders originally liable with the defendant before judgment, still the remedy is thus given by the act, and no other can be pursued. In either way the remedy is by execution under the statute, and not in equity.

The judgment of the court at Nisi Prius must therefore be affirmed.

Woodward, C. J., was absent at Nisi Prius, when this case was argued.