## Appeal of Joseph M. Means *et al.*

<table>
<tr><td>85</td><td>75</td></tr>
<tr><td colspan="2">19 SC ¹481</td></tr>
</table>

1. Where a bank has become insolvent and under the general laws it is sought to make the directors and stockholders liable for its debts, proceedings must be in the name of the assignee, and in the Court of Common Pleas of the county in which the bank is located.

<table>
<tr><td>85</td><td>75</td></tr>
<tr><td>223</td><td>²652</td></tr>
</table>

2. The liability of the stockholders being secondary cannot be enforced until the assets of the bank, which is the primary debtor, are exhausted.

June 21st 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward, and Sterrett, JJ.

Appeal from the Court of Common Pleas of *Franklin county:* Of May Term 1877, No. 229.

This was an appeal by Joseph M. Means and others, stockholders of the Farmers' & Mechanics' Bank of Shippensburg, Pa., an insolvent corporation, from a decree making them liable for the debts of the bank.

The bill was filed by Jonathan A. West for himself and other creditors of the bank against Joseph M. Means and a large number of stockholders, and averred as follows: The incorporation of the bank by an act of the legislature, approved April 11th 1862; the fact that the defendants were stockholders of the bank; the voluntary assignment of the bank to John P. Rhoads and Samuel S. Shryock, dated May 4th 1875; the certificate of deposit of plaintiff West for $400; the demand for its payment, and the refusal to pay it; the act of the legislature, approved April 11th 1862, providing that stockholders shall be fully and severally liable to the creditors of banks. The bill prayed for an account of the debts due by the bank, the liability of defendants for such debts, and general relief.

The defendants filed pleas and demurred and averred that the causes of action occurred in Cumberland and not in Franklin county; that in certain proceedings in the Court of Common Pleas of Cumberland county an assignment was made by the bank on the 4th of May

[Appeal of Joseph M. Means.]

1875, to John P. Rhoads and Samuel S. Shryock; that auditors were appointed by said court to examine into the affairs of the bank, and that by reason of such proceedings said court has exclusive jurisdiction over the matter alleged in the bill and that the remedy by scire facias prescribed by the 33d section of the Act approved April 16th 1850, is the exclusive remedy to be pursued by plaintiffs; that the bill is defective in that all the stockholders are not made parties defendant; that there is a complete and adequate remedy at law and that no case for an account is stated.

The court below (Rowe, P. J.) overruled the demurrers, and the defendants with leave of court filed separate answers. Examiners were appointed and took a large amount of testimony. A master was then appointed and reported in favor of plaintiffs. The report was confirmed and a decree made against defendants, but as the bill is dismissed for want of jurisdiction, the reporter has not deemed it necessary to state an abstract of the answers, of the examiner's and master's reports.

*F. M. Kimmell, J. McDowell Sharpe, W. Trickett, W. F. Sadler, S. Hepburn* and *S. Hepburn, Jr.*, for appellants.— A law creating individual liability on the part of stockholders must be construed strictly: Gray *v.* Coffin, 9 Cush. 199; Moyer *v.* Pennsylvania Slate Co., 21 P. F. Smith 293; McMullin *v.* Mc-Creary, 4 Id. 230. The liability is purely statutory: Brinham *v.* Wellersburg Coal Co., 11 Wright 43.

A stockholder is responsible for the deficit to the depositors in the ratio between the number of shares held by him and the whole number of shares in existence at the time of the suspension of the bank, and only for the deposits made while he is the holder of stock: Angel & Ames on Corporations, § 611; 1 Smalley on Partnership 315; Cary on Partnership 112; Story on Partnership, § 152; Babcock *v.* Stewart, 8 P. F. Smith 179; Shamburg *v.* Ruggles, 34 Leg. Int. 133; Moss *v.* Oakley, 2 Hill 265; Corning *v.* McCullough, 1 Comstock 47.

The Act of April 12th 1867 provides a full and complete remedy by a proceeding by scire facias; and this writ can only be issued by the prothonotary of the Court of Common Pleas of the county in which the bank is located: Gunkle's Appeal, 12 Wright 13. There is no community of interest and the suit is wrongly brought: Small *v.* Atwood, Younge 458; Newton *v.* Earl of Egmont, 5 Sim. 137.

*A. B. Sharpe, T. B. Kennedy* and *John Stewart*, for appellee.— The act expressly charges the stockholders with liability. This was the intention of the legislature; while such liability may be in antagonism with the purpose of incorporation, yet it should be enforced, when it is plainly expressed: Allibone *v.* Hager, 10 Wright

[Appeal of Joseph M. Means.]

53; Surry v. James, 46 Ky. 119.   Each stockholder is liable for the whole sum of the deposits when the insolvency occurs: March v. Eastern Railroad Co., 43 N. H. 515; Merrimac Mining Co. v. Levy, 4 P. F. Smith 227; Webster v. Upton, 1 Otto 65; Cifteu v. Harbough, 3 Bissell 422; Angell & Ames on Corporations 621; Curtis v. Harlow, 12 Metc. 3; Holyoke Bank v. Burnham, 11 Cush. 183.    Stockholders are principal debtors:   Young v. Rosenbaum, 39 Cal. 646; Davidson v. Rankin, 34 Id. 503; Mokelumne Canal Co. v. Woodbury, 14 Id. 265; Perkins v. Church, 31 Barb. 86; Allen v. Sewall, 2 Wend. 340; Harger v. McCullough, 2 Den. 123; Patterson v. Wyomissing Ins. Co., 4 Wright 117.   As to jurisdiction this is a matter for the court, and equity has jurisdiction: 1 Story's Eq. Jur. 421; Brightly's Eq. Jur. 171; Bank of Virginia v. Adams, 1 Pars. Eq. Cas. 541; Bank of Kentucky v. Schuylkill Bank, Id. 219; Boyce v. Grundy, 3 Peters 215; Kirkpatrick v. McDonald, 1 Jones 392; Skilton v. Webster, Brightly 233.

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

The Act of 16th April 1850, Pamph. L. 478, contains general provisions applicable to all banks thereafter to be created under any special Act of Assembly.   It prescribes a general system for the creation, government and liquidation of banks.   It specifically declares that the stockholders of every such bank, in addition to the corporative liability, shall be jointly liable to the creditors of said bank, being noteholders, in their individual capacities for the amount of all notes issued; and the manner of enforcing such liability in case of the insolvency of the bank is also prescribed.   The 33d section directs the assignees to cause a scire facias to be issued by the prothonotary of the Court of Common Pleas or District Court of the county in which the bank is located, against all the stockholders of said bank, reciting the amount of the deficiency, and requiring them to appear at the next Court of Common Pleas or District Court in said county, and show cause why execution should not be issued against them for such amount.

The Farmers' & Mechanics' Bank of Shippensburg was incorporated as a bank of discount and deposit, by the Act of 11th April 1862, Pamph. L. of 1863, p. 661.   The proviso to section second of the act declares that "the stockholders of said company or corporation, in addition to the corporate liability, shall be jointly and severally liable to the creditors of said bank, in their individual capacities, for the amount of all deposits made with said company or corporation, whether the same be interest or transient deposits."

The act does not provide in what county, nor in what manner, this personal liability shall be enforced.   The eighth section, however, declares "that the said bank shall be subject to the provisions

and restrictions of the several acts relating to banks, so far as they are applicable thereto." Thus it appears this special act did not profess to furnish, by itself, a complete system for the bank thereby created. It provided for the organization; but when established, it declared the corporation subject to previous legislation relating to banks. This special act was thus blended with the general acts. They became a part of its charter. They are *in pari materia* with the special act. Whenever the special act is silent recourse must be had to them, to ascertain the powers, and to enforce the duties and obligations of the bank and of the stockholders.

The bank in question was fraudulently insolvent. It had made an involuntary assignment. The Act of 1850 declares proceedings to enforce a personal liability of the stockholders shall be instituted in a court of the county in which the bank is located. The Farmers' and Mechanics' Bank of Shippensburg was located in Cumberland county. These proceedings were commenced in the Common Pleas of Franklin county. The fact that the remedy is sought by bill in equity does not change the forum. The Act of 12th April 1867, Pamph. L. 71, provides, in cases of proceedings against the officers and directors of a bank, through whose acts the fraudulent insolvency thereof was caused, they shall be by bill in equity, in the Court of Common Pleas or District Court of the county in which the bank is located, and in the name of the assignees. Thus whenever the statute prescribes the remedy to enforce a personal liability of the officers or stockholders of an insolvent bank, it directs that the proceedings be in the name of the assignees, and in a court of the county in which the bank is located. This is required for many reasons. The whole assets have passed into the hands of the assignees. The creditors of the bank and the stockholders thereof are interested in their distribution. The court of that county has acquired jurisdiction of the accounts of the trustees. Upon that court has devolved the duty of distributing all the assets.

It was contended on the argument that the liability of the appellants does not depend on the insolvency of the bank of which they were stockholders; that they are primarily liable, and that a proceeding in behalf of a depositor may be sustained against them, wholly ignoring the assignees and the condition of the bank. In this conclusion we cannot concur. It is contrary to the whole spirit of the statutes making incorporators personally liable. The individual liability of the stockholders is in derogation of the common law. The liability of the members of a corporation for its debts was merged in the associated body. The artificial body alone was responsible. A statute changing this liability must be construed strictly: McMullin *v.* McCreary, 4 P. F. Smith 230; Moyer *v.* Pennsylvania Slate Co., 21 Id. 293. While full effect must be given to the clear intent of a statute creating a personal liability of

[Appeal of Joseph M. Means.]

the stockholder of an incorporated company, yet it is not to be extended by implication: Id.

The debt due a depositor is still a debt due from the bank. The property of the bank is primarily liable for the payment of the debts of the corporation. The assets of the bank should first be applied in discharge of that indebtedness. The personal liability of the stockholders is designed as further security to a depositor; hence, although a stockholder is personally liable to a depositor, yet, unless the statute directs otherwise, it is a liability which in equity cannot be enforced until the assets of the bank, which is the primary debtor, are first exhausted. This rule is clearly recognised in Patterson v. Wyomissing Manufacturing Co., 4 Wright 117. The third section of the Act of 20th April 1853, declared the stockholders should be jointly or severally liable in their individual capacities for all debts, contracts and other liabilities of the company. Yet, said Mr. Chief Justice LOWRIE, " What is the character of their liability? We think it is secondary, not primary; collateral, not principal; analogous to a case of guarantee, to be enforced if the regular process of the principal contract proves fruitless, or if the corporation becomes insolvent."

It is clearly manifest that equity requires the assignees to be a party to any proceedings for the enforcement of the individual liability of the stockholders. All the remedies given by the statute for the protection of a depositor can be enforced in the name of the assignees: Gunkle's Appeal, 12 Wright 13. The equities of all parties can then be reached. We think the statute requires it.

The assignees have not settled any account. The debts due the bank have not been collected. The amount they will pay has not yet been ascertained.

It follows that the Court of Common Pleas of Franklin county had no jurisdiction of this bill. It was not in the name of the proper parties, and was premature. The 8th, 26th, 27th and 31st assignments are therefore sustained.

As this view is fatal to the bill, it is unnecessary to consider the remaining assignments; we therefore now refrain from indicating any opinion in regard to them.

Decree reversed and bill dismissed at the costs of the appellees.