# W. F. BAILEY v. PITTSB. COAL R. CO. ET AL.

APPEAL BY WM. VANKIRK ET AL. FROM THE COURT OF COM-
MON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1890—Decided January 5, 1891.

1. Creditors of a corporation may maintain a bill in equity against the cor-
   poration and the subscribers to its stock, to ascertain the plaintiffs' claims,
   and for a receiver to collect unpaid stock subscriptions for the payment
   thereof: Lane's App., 105 Pa. 49; Bell's App., 115 Pa. 88.
2. Objections, filed after the master's report, that no issue was made up
   as to the defendant company, and that, after the reference to the master,
   parties both plaintiff and defendant were added but the pleadings con-
   tinued unchanged, are technical merely, and are not ground for rever-
   sal.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 159 October Term 1890, Sup. Ct.; court below, No. 488
September Term 1886, C. P. No. 1, in Equity.

On September 1, 1886, W. F. Bailey filed a bill in equity
against the Pittsburgh Coal Railroad Company, J. F. Dravo,
R. B. Brown, Wm. Vankirk, C. Trautman, J. G. Robinson,
Geo. Trautman and W. H. Aldred, averring:

That defendant company was incorporated under the rail-

Statement of Facts.

road act of April 4, 1868, P. L. 62, with a capital of $300,000, in shares of $50 each. That the individual defendants were subscribers to its stock, each 300 shares, except Dravo, Brown and Vankirk, who each subscribed 500 shares. That Jos. N. McCreery, on May 12, 1886, at No. 748 September Term 1885, obtained judgment against said company for $560, and at June Term 1886, issued a fieri facias which was returned nulla bona, and that the judgment had not been paid. That on June 2, 1886, said judgment was assigned to W. F. Bailey. That said company had no assets except stock subscriptions, and that no subscriber had paid over ten per cent on his stock, and the board of directors had failed to call in the balance.

The prayers of the bill were:

1. For a receiver to collect and receive from defendants their unpaid stock subscriptions.

2. That defendants pay said receiver the amount due and unpaid by them, or so much as would satisfy debt and costs.

3. That out of the moneys paid in, the plaintiff may have satisfaction.

4. General relief.

The individual defendants demurred, because: (1) The bill was not filed on behalf of the plaintiff and other creditors of the company who might see fit to join therein. (2) The plaintiff averred no request to the company, its directors or officers, to collect any alleged balance on stock subscriptions. (3) The plaintiff had a plain and adequate remedy at law. (4) The bill joined only the holders of 2,700 shares out of 6,000 shares. (5) On its face, the bill showed no necessity for a receiver, and no reason why the company itself, its directors or officers, should or would not collect the balance of stock subscriptions on proper proceedings.

On June 14, 1887, the foregoing demurrer was overruled, and the defendants ordered to answer. Subsequently, the defendants, C. Trautman, Geo. Trautman, Brown, Aldred, Vankirk and Dravo, filed answers averring: That plaintiff could not maintain his bill, because on its face it appeared he had no equity, and he did not join all the subscribers to the stock; that, though Jos. N. McCreery obtained judgment, there was no money justly due him, and on a fair hearing that could be made to appear; and the averment of the bill that the com-

Statement of Facts.

pany had no assets except stock subscriptions was denied.  No answer was filed on behalf of the railroad company.

On November 30, 1887, issue having been joined by replication filed, the cause was referred to *Mr. W. L. Chalfant*, appointed examiner and master.

On December 17, 1887, E. P. Kearns, Daniel Risher and M. L. McClure severally presented petitions averring that they were creditors of the defendant railroad company, each stating the amount and character of his claim, and praying to be allowed to become a party plaintiff in the bill.  It was so ordered.*  On the same day, the individual defendants presented a petition setting out that injustice would be done by granting the prayer of said petitioners unless all the subscribers to the stock of the company were made defendants; stating the names of the subscribers to the stock and the number of shares subscribed for by each, but denying any admission of liability; and praying that, if permission were given to the said petitioners to join as plaintiffs, it should be only on condition that all the subscribers to the stock were joined and made defendants.  Thereupon, it was ordered that the subscribers, whose names were given, should be made defendants as prayed for.

Many of said subscribers so added then appeared by counsel.  No amended bill was afterward filed; nor, after Kearns, Risher and McClure were added as plaintiffs, was there any amended answer filed by the original defendants; nor, was there any replication filed by Kearns, Risher and McClure to the answers already filed.

On September 22, 1888, the master filed a report, finding the names of the defendants who were subscribers to the stock of the coal railroad company and the number of shares held by each; that the par value of the stock was $50 per share, and but ten per cent thereof had been paid in, leaving a balance due on each share of $45; that the defendant company was indebted to Bailey, assignee of McCreery, in the sum of $560, with interest from April 7, 1876, and the costs of the judg-

---

* The Reporter did not find any averment in the pleadings, or any intimation anywhere else, that there were other creditors of the railroad company not thus made parties plaintiff.

ment, etc.; to Daniel Risher, including interest, in $1,786.05; to M. L. McClure, $57.31, with interest from November 2, 1883; to E. P. Kearns, in $1,000, with interest from December 31, 1882. The master, therefore, recommended a decree in accordance with the prayers of the bill, and that a receiver be appointed to collect the amounts found due by the defendants to the respective plaintiffs.

Exceptions having been filed by the defendants to the findings of the master, inter alia, as to the validity and proper amount of the plaintiffs' claims, after argument thereof before the court in banc, an order was made referring the report back to the master, that he should take " an account of the several amounts due the respective plaintiffs in the bill, as also the amount of the subscriptions of each of the said defendants, the amount thereof unpaid, and the pro rata share which each may be decreed to pay to the said plaintiffs, respectively."

On July 8, 1890, a supplementary report having been filed by the master in the manner directed, and exceptions thereto argued and dismissed, a final decree was entered appointing Mr. W. L. Chalfant receiver of the defendant railroad company, and adjudging that John F. Dravo, R. B. Brown, Wm. Vankirk, W. H. Aldred, and other defendants, should pay severally certain sums for which they were found liable as subscribers to the defendant company's capital stock, with interest from March 17, 1890, the same to be distributed among the creditors of the defendant company in accordance with the schedule reported by the master in his supplemental report; providing further for the payment of the master's fee, the costs, and commissions of the receiver.[1]

Thereupon, Wm. Vankirk, R. B. Brown, John F. Dravo and W. H. Aldred took this appeal, specifying that the court erred:

1. In entering the foregoing decree.[1]

2. In committing the case to a master, and confirming his report and the decree recommended; in this, that said case was not at issue as against the Pittsburgh Coal Railroad Company.

3. In confirming the said report and decree recommended, in so far as the claims of Kearns, Risher and McClure are concerned; in this, that no issue was ever made up as between them, or any of them, and the said defendants, or any of them.

*Mr. John S. Ferguson,* for the appellants.

Admitting that the capital stock of a corporation is a trust fund for the benefit of all its creditors in the event of insolvency: Lane's App., 105 Pa. 49, counsel denied the right and necessity of a court of equity to undertake the determination of a disputed claim, citing North Penna. Coal Co. v. Snowden, 42 Pa. 488. In no event could the decree here be sustained, as no account had been taken of the amount of the debts of the corporation: Bell's App., 115 Pa. 88.

*Mr. C. S. Fetterman,* for the appellees.

Counsel cited: Lane's App., 105 Pa. 49; Bell's App., 115 Pa. 88.

PER CURIAM:

This appeal is entitled as though it had been taken by the Pittsburgh Coal Railroad Company. Such is not the fact, however. The appeal was entered by William Vankirk, R. B. Brown, John F. Dravo, and W. H. Aldred, four of the defendants below.

Lane's App., 105 Pa. 49, and Bell's App., 115 Pa. 88, are authority that such a bill can be maintained. The record is voluminous, and consists principally of questions of fact. We must assume that the learned master has decided these correctly, inasmuch as he is sustained by the court below, and no clear error has been pointed out. The matters referred to in the second and third assignments are purely technical, and do not affect the merits. We find nothing in the record to justify us in reversing the decree.

Decree affirmed, and the appeal dismissed, at the costs of the appellants.