Gordon, Secretary of Banking, Appellant, *v.* Biesinger et al.

Gordon, Secretary of Banking, Appellant, *v.* Anderson et al.

Gordon, Secretary of Banking, Appellant, *v.* Wenderoth et al.

Harr, Secretary of Banking, Appellant, *v.* Wood et al.

(1)

2

Argued October 3, 1938; reargued January 1, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

3

*Horace M. Barba,* Special Deputy Attorney General, with him *Oliver C. Cohen,* Deputy Attorney General, *Guy K. Bard,* Attorney General, *Philip P. Sharkey, Charles Hasson* and *M. Biddle Saul,* for appellant.

*Philip N. Shettig,* of *Shettig & Swope,* with him *Weimer & Bennett, J. Harrison Westover, Charles A. Greer, C. Randolph Myers, F. J. Hartmann, Graham, Yost & Meyers,* for appellees, No. 194.

*F. J. Hartmann, Evans & Evans, Morgan W. Evans, M. Vashti Burr* and *Shettig & Swope,* for appellees, No. 195.

*D. P. Weimer, Clarence E. Davis, G. Harry Isaacson* and *Shettig & Swope,* for appellees, No. 196.

*Weimer & Bennett, William F. Dill, John M. Bennett, Frank B. Wood, J. Harrison Westover* and *Shettig & Swope,* for appellees, No. 197.

Per Curiam, May 25, 1939:

The secretary of banking brought four separate bills in equity against the shareholders of four closed banks to compel them to pay the full amount of their statutory liability pursuant to Section 5 of the Act of May 13, 1876, P. L. 161. In each suit the shareholders of the respective banks, who were all joined as respondents, filed preliminary objections contesting the right to equitable relief and the constitutionality of the statutory provision for double liability. The court below sus-

tained the preliminary objections and entered decrees for the respondents.

Without expressing an opinion on any other question, this Court feels that the preliminary objections were properly sustained, for the reason that the secretary of banking mistook his remedy. Where he seeks to recover the full amount of the double statutory liability, he has an adequate and complete remedy at law in assumpsit, provided by the statute. There is no longer a necessity for a discovery, accounting and a judicial decree of assessment. This rule does not conflict with the decision in *Dreisbach v. Price*, 133 Pa. 560, which was a bill in equity by an assignee for creditors seeking a discovery and an assessment against the stockholders of a bank upon their statutory liability. No remedy at law was available. The assignee had no power to make an assessment, and it was expressly held that the procedure under the general Act of April 16, 1850, P. L. 477, did not apply. Neither a receiver in equity, an assignee nor an auditor had power to enforce the statutory liability of stockholders without an accounting and assessment in a court of equity. See *Kirschler v. Wainwright*, 255 Pa. 525; *National Loan & Building Society v. Lichtenwalner*, 100 Pa. 100; *Craig's Appeal*, 92 Pa. 396. After the assessment, but not before, there was a remedy in assumpsit. See *Kirschler v. Wainwright*, 255 Pa. 525. In the Dreisbach case it was perfectly proper for equity, which alone had the power to determine the issues creating the liability of the shareholders, to retain jurisdiction to order payment. The case is further clearly distinguishable because there, although the full statutory liability was asked, the court found on the accounting that only a partial assessment was proper.

The powers of the secretary of banking, as receiver, are far greater. He has the power, as pointed out in *Squire v. Fridenberg*, 126 Pa. Superior Ct. 508, at 515: ". . . to enforce the additional liability of stockholders,

if any, imposed by law, by assessment made by him, when necessary, without recourse to any court for a decree authorizing such assessment, similar to the powers conferred on the Comptroller of the Currency as respects national banks in like circumstances, by Act of Congress . . . The assessments so made . . . are enforceable in the courts . . . without any prior order or decree of court."

Since it is unnecessary for the secretary to invoke the jurisdiction of equity for the purpose of assessment, the mere plurality of defendants will not require the assumption of jurisdiction by equity. See *Kennedy v. Gibson and others*, 75 U. S. 498, 505; *Hale v. Allinson*, 188 U. S. 56, 78, 80; *Broderick v. American General Corp.*, 71 F. (2d) 864, 870; *Allender et al. v. Ghingher*, 170 Md. 156, 183 Atl. 610; 2 Michie on Banks and Banking, (1939 Supp.) page 83, all of which represent the view here taken. See also the opinion of President Judge KELLER in *Squire v. Fridenberg*, 126 Pa. Superior Ct. 508, at page 517.

A different situation was presented in *Cook v. Carpenter (No. 1)*, 212 Pa. 165, where equity aided the receiver of an insolvent corporation to recover corporate assets as a trust fund for creditors. The action in that case was upon an unpaid stock subscription, a very different form of stockholders' liability, and one not merely statutory. See *Kirschler v. Wainwright*, 255 Pa. 525, 533; *Lane's Appeal*, 105 Pa. 49.

Notwithstanding the failure of the court below to pass upon the question, this Court may properly hold that the adequacy of the legal remedy bars equitable recovery. *Dunn v. Hild*, 324 Pa. 530. See also *Davis v. Gerhard*, 5 Whart. 466, 470; *Jinks v. Banner Lodge*, 139 Pa. 414, 418; 19 Am. Jur. 113.

The statutory provisions for an action by the secretary of banking as receiver do not create special equitable jurisdiction in the collection of assessments. The Banking Act of June 15, 1923, P. L. 809, Section 37,

which is applicable to the present proceedings, was intended to give to that officer the right to enforce a cause of action which did not previously vest in him. The words giving him the right to proceed mean that he can employ the appropriate remedies for enforcing shareholders' liability, and his right to proceed in one or the other forum depends on the customary principles of legal and equitable jurisdiction. In so far as the statute affords a complete and adequate remedy at law, equity will not assume jurisdiction: *Patterson et al. v. Lane et al.*, 35 Pa. 275. Statutes relating to the special liability of shareholders are to be construed in favor of such shareholders. See *Moyer v. Penna. Slate Co. et al.*, 71 Pa. 293; *Appeal of Joseph M. Means et al.*, 85 Pa. 75, 78; *O'Reilly v. Bard*, 105 Pa. 569, 573; *De-Haven v. Pratt*, 223 Pa. 633, 652; *Gordon, Secy. of Banking, v. Winneberger*, 310 Pa. 362, 367. Statutes impinging upon the right of trial by jury are likewise strictly construed. *Felt & Co. v. Cook & Hackett*, 95 Pa. 247. An intention to extend the jurisdiction of equity over all suits to collect assessments from such shareholders should not be inferred in the absence of a specific and clear legislative pronouncement to that effect.

Decrees affirmed at appellant's cost.