Beckman, Secretary of Banking, *v.* Brownback
et al., Appellants.

Argued April 21, 1941. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Frederick B. Smillie,* of *Smillie & Bean,* with him
*John E. Flynn,* for appellant.

*Morris Gerber,* with him *John W. Lord,* Special Dep-
uty Attorney General, *Orville Brown,* Deputy Attorney
General, and *Claude T. Reno,* Attorney General, for
appellee.

PER CURIAM, May 12, 1941:

Appellants are the three defendants mentioned in the companion case of *Beckman v. Buckwalter,* 341 Pa. 561, as having defended on the merits in the action brought in equity by the Secretary of Banking. The court held that they thereby waived their right to have the bill certified to the law side of the court, and entered a decree holding them liable for the amounts due on their stock subscriptions. The question as to whether they did waive their right is immaterial in view of our holding in the *Buckwalter* case that the action was properly instituted in equity. Incidentally, it may be pointed out that these defendants, in their answer, challenged the allegations of the bill in regard to the liabilities and appraised value of the assets of the Trust Company. By section 723 of the Department of Banking Code of 1933, P. L. 565, the Secretary of Banking's statement concerning the insufficiency of the assets to meet the liabilities is only prima facie evidence of the fact. If, therefore, as in the present case, such an issue is raised, and the Secretary is required to present proofs in order to justify his assessment of the shareholders for the balance due on their stock subscriptions, it is especially necessary that the proceedings be in equity, because, as pointed out in *Cook v. Carpenter (No. 1),* 212 Pa. 165, 167, 168, 61 A. 799, 800, the submission of this question to different juries in suits at law might result in some of the shareholders having to pay their subscriptions in full, others only in part, and still others, perhaps, not at all. In *Gordon v. Biesinger,* 335 Pa. 1, 6 A. 2d 425, the case did not involve an issue as to the financial status of the corporation and the consequent propriety of the assessment, the only question raised being that of the constitutionality of the act which imposed added liability upon the shareholders.

Appellants find fault that practically all the shareholders were joined as defendants in the one action, instead of being proceeded against separately, and, on

the other hand, somewhat inconsistently, that not *all* the shareholders were made parties. Both complaints are unavailing. As was said in *Cook v. Carpenter (No. 1)*, 212 Pa. 165, 168, 61 A. 799, 800, "The question involved in all the cases is substantially the same, namely, ought the corporation to collect its unpaid capital? It . . . may be decided once for all in one suit as well as in a thousand." The court, in dismissing a preliminary objection to the joinder of the defendants, stated that if it should later appear that any defendant would be prejudiced to have his case heard with the others a severance might be allowed for the purpose of trial in accordance with Equity Rule 36. As to the alleged non-joinder of some of the shareholders, while, as far as reasonably possible, it is better that all be included in the proceedings unless they are unknown, insolvent, or beyond the jurisdiction of the court, the failure to do so is not a vital defect, since each of them is liable in any event for the full amount of the assessment on his shares: *Appeal of Stang*, 10 W. N. C. 409; *Cornell and Michler's Appeal*, 114 Pa. 153, 163, 164, 6 A. 258, 261.

The only attempt of appellants to present a substantive defense was on the ground they did not have notice when they obtained their stock that it was not fully paid; they claimed that their stock certificates had not been delivered to them but had been retained by the Trust Company as qualifying shares of directors. The court below found there were endorsements on the certificates showing that but fifty per cent of the par value had been paid in, that two of the appellants signed receipts for their certificates in the stock book of the Trust Company, that, as to the third appellant, the certificate of at least one of his shares was in his possession, and that, under all the testimony, appellants had knowledge of the fact, when they acquired their stock, that it was not fully paid. That finding is conclusive,

The decree of the court below, in so far as it established the liability of appellants and directed them to pay to plaintiff the respective sums therein specified, is affirmed. Appellants to pay the costs.