Beckman, Secretary of Banking, Appellant, *v.*
Buckwalter et al.

Argued April 21, 1941.   Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Morris Gerber,* with him *John W. Lord, Jr.,* Special
Deputy Attorney General, *Orville Brown,* Deputy At-

torney General, and *Claude T. Reno*, Attorney General, for appellant.

No appearance was made nor brief filed for appellee.

PER CURIAM, May 12, 1941:

In 1934 the then Secretary of Banking brought an action in assumpsit against E. Earl Nelson, a shareholder of The Royersford Trust Company, to recover the unpaid balance of his stock subscription. A verdict was rendered against the defendant, but this court reversed (328 Pa. 56, 195 A. 416) on the ground that the Secretary had failed to comply with section 723 of the Department of Banking Code of 1933, P. L. 565, in that he had made demand for payment of the stock assessment "at once" instead of allowing a period of not less than thirty days. The reversal was stated to be "without prejudice to plaintiff's right to discontinue and, after compliance with the requirements of section 723 . . ., to institute a new action."

The Secretary discontinued that suit and similar ones which he had instituted against other shareholders, and, having now made proper demand, he brought the present bill in equity against Nelson and twenty-eight other shareholders to recover the amount of the assessment due from each. A preliminary objection was filed by the four defendants who are the present appellees, challenging the jurisdiction of equity on the ground that there was an adequate remedy at law. This objection was overruled by the court. Three other defendants filed answers to the bill of complaint and went to trial on the merits, at the conclusion of which the chancellor reconsidered the question in regard to jurisdiction. As to the defendants who had gone to trial, he decided that they had waived their right to contest the jurisdiction of equity, and entered a decree holding them liable for the amounts due on their stock subscriptions. As to the four defendants who had raised the question pre-

liminarily, he certified the bill to the law side of the court, having come to the conclusion that the plaintiff had an adequate remedy at law. The Secretary of Banking appeals from the decree ordering such certification.

The bill of complaint set forth that the Secretary of Banking took possession of The Royersford Trust Company under the provisions of the Banking Act of June 15, 1923, P. L. 809, and proceeded to liquidate its affairs; that he ascertained that the reasonable value of its assets was not sufficient to pay its creditors in full; that the par value of its capital stock was $100 per share, of which only $50 per share had been paid in; and that he had given notice to the shareholders of an assessment of the balance due on each share. The bill prayed for a decree directing defendants to pay the amounts due from them respectively. Certainly such a cause of action has always been cognizable in equity. Where the proceeding is to enforce an added statutory liability of shareholders, the remedy is limited to that, if any, prescribed by the act creating such liability,* but where the proceeding is to enforce liability for a balance due on stock subscriptions, and where, therefore, the cause of action rests upon a contractual obligation of the shareholders and not upon legislation, equity, because of a variety of reasons, entertains jurisdiction: *Lane's Appeal*, 105 Pa. 49, 59, 60; *Bell's Appeal*, 115 Pa. 88, 92, 8 A. 177, 179; *W. F. Bailey v. Pittsburgh Coal R. R. Co.*, 139 Pa. 213, 21 A. 72; *Cook v. Carpenter (No. 1)*, 212 Pa. 165, 167, 168, 169, 61 A. 799, 800, 801.

Appellees rely on the decision in *Gordon v. Biesinger*, 335 Pa. 1, 6 A. 2d 425, for the proposition that the form-

---

* *Brinham v. The Wellersburg Coal Co.*, 47 Pa. 43; *Hoard v. Wilcox*, 47 Pa. 51; *Youghiogheny Shaft Co. v. Evans*, 72 Pa. 331; *Appeal of Joseph M. Means*, 85 Pa. 75; *Lane's Appeal*, 105 Pa. 49, 58; *O'Reilly v. Bard*, 105 Pa. 569, 575, 576; *Cochran v. Shetler*, 286 Pa. 226, 230, 231, 133 A. 232, 234; *Katch v. Benton Coal Co.*, 19 Pa. Superior Ct. 476, 481.

erly existing jurisdiction of equity in all such actions has been abolished by section 723 of the Department of Banking Code of 1933. That case was one dealing with additional statutory liability of shareholders, and the opinion expressly distinguished, and excluded from its ruling, actions upon unpaid stock subscriptions. It is true that section 723 of the Code covers both classes of cases *(Harr, Secretary of Banking v. Mikalarias,* 328 Pa. 49, 195 A. 86), but it provides that "If any shareholders shall not pay the amount assessed against them, the secretary may institute actions at law *or in equity* against them, either severally or jointly, for the amount of such assessment. . . ." The legislature thus clearly indicated that it did not intend wholly to abolish actions in equity, but, on the contrary, as was stated in the *Biesinger* case (p. 6, A. 2d 427), in dealing with a similar provision in section 37 of the Banking Act of 1923, "The words giving him the right to proceed mean that he can employ the appropriate remedies for enforcing shareholders' liability, and his right to proceed in one or the other forum depends on the customary principles of legal and equitable jurisdiction." According to the "customary principles" of equity jurisdiction, a bill to enforce payment of a balance due on stock subscriptions was always maintainable at the instance of creditors or of a receiver representing them, which was not generally true, as already pointed out, of actions to enforce a purely statutory liability, to which the *Biesinger* case must be restricted.

The decree of the court below, in so far as it certified the bill to the law side of the court, is reversed, and the record is remitted for further proceedings. Costs to abide the event.