## Bell, Secretary of Banking, Receiver, v. Gaston

*Walter E. Morris*, for plaintiff.

*Jesse P. Long*, for defendant.

LONG, P. J., April 17, 1942.—Pursuant to the provisions of The Banking Act of June 15, 1923, P. L. 809, and its amendments, the Secretary of Banking of the Commonwealth of Pennsylvania took possession of the business and property of the Citizens Bank of Barnesboro on May 26, 1931, and duly filed and recorded his certificates.

That bank was incorporated under the provisions of the Act of May 13, 1876, P. L. 161. The par value of its capital stock was $100 and defendant was, on May 26, 1931, and is, the owner and holder on the records of said bank of two shares of its capital stock.

The Secretary of Banking, on April 30, 1935, appraised the assets of said bank at $72,025.72 and on said date ascertained that the liabilities thereof were $180,585.35. He further determined that the assets were insufficient to pay its depositors and creditors in full, and that it would be necessary to enforce the individual liability of the stockholders to the extent of 100 percent of the par value of their stock. *On or about* the 22nd day of May, 1935, he caused a written notice of stockholders' assessment and demand for payment

of amount of defendant's individual liability there-under to be mailed to defendant by registered mail, which said demand required defendant to pay plaintiff $200 *on or before* June 20, 1935.

The statement of claim alleges that exhibit "A", attached thereto, is a copy of said written demand. Exhibit "A" purports to be an amended notice and demand for stockholders' assessment. It is undated and required payment *on or before* June 20, 1935, from which date interest is demanded. On May 16, 1941, an action of assumpsit was brought. Defendant's counsel accepted a copy of the statement of claim and waived the issuance of a summons and the return thereof. The papers were filed in the office of the prothonotary on May 19, 1941. Defendant has filed an affidavit of defense, raising as the question of law plaintiff's failure to comply with section 723 of the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-723.

The Department of Banking Code requires that in enforcing the personal liability of stockholders the Secretary of Banking must give the shareholder a notice designating a period within which payment should be made. It provides, inter alia, as follows:

"The secretary shall send to every such shareholder by registered mail to the address which appears on the records of the corporation, or if none appears there, then to his last known address, a demand that the amount assessed against him be paid. Such demand shall state the total amount assessed by the secretary against all the shareholders, and the specific amount to be paid by the particular shareholder. It shall also designate a period within which such assessment shall be paid, *such period to be not less than thirty days after the date of the sending of the notice*. If any shareholders shall not pay the amount assessed against them, the secretary may institute actions at law or in equity against them, either severally or jointly, for the amount of such assessment, together with interest from

the date designated in the notice from the secretary, for the payment of such assessment." (Italics supplied.)

Counsel for defendant contends that the shareholders' liability is purely statutory and that the notice required on the part of the Secretary of Banking constitutes a condition precedent to the latter's right to require the shareholder to pay, and that paragraph 16 of the statement of claim and the amended notice attached thereto, on their face, show that the date of the giving of the notice was indefinite and uncertain and the period of time in which payment was required to be made did not exceed 29 days after the date notice was sent.

The Secretary of Banking used, exclusive of the first page thereof, a mimeographed statement of claim, wherein the date when notice was sent is prefixed by "on or about" and the date when payment was required to be made is prefixed by the words "on or before".

This is a proceeding to enforce an added statutory liability of a shareholder and must be construed in favor of such shareholder: Gordon, Secretary of Banking, v. Biesinger et al., 335 Pa. 1. The provisions of the act of assembly are mandatory. The statement of claim must be self-sustaining and must show, on its face, that every provision of the statute was fully complied with.

The provisions of the statute as to notice imposed upon the Secretary of Banking the same legal duty to defendant as is required of a subcontractor in a mechanic's lien (Wolfe Company v. Pennsylvania Railroad, 29 Pa. Superior Ct. 439; Willson v. Canevin, 226 Pa. 362); or the insured who is required to furnish proof of loss within a specified time before bringing suit (Jackson v. The State Mutual Benefit Society, 95 Pa. Superior Ct. 56; Johnson v. Phoenix Ins. Co., 112 Mass. 49); or a person claiming against a municipality, whose right to sue and the period in which

suit may be brought depend upon the performance of a condition precedent (Act of July 1, 1937, P. L. 2547, 53 PS §2774) ; or a person claiming against an individual, partnership or corporation, whose right to sue and the period in which his suit may be brought have been defined by the statute, requiring him, as a condition precedent to the maintenance of his action, to give notice before bringing suit and fixing the time within which he may maintain such action: Denver & R. G. R. Co. v. Wagner, 167 Fed. 75; Lange v. Union Pac. R. Co., 126 Fed. 338.

We thus observe that it relates to a question of procedure—statute of limitations. An act of limitation is an act of grace purely on the part of the legislature: Commonwealth v. Duffy, 96 Pa. 506, 514; Terry v. Anderson, 95 U. S. 628; Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358; Commonwealth ex rel. v. Brown et al., 327 Pa. 136, 143; Philadelphia, Baltimore & Washington R. R. to use v. Quaker City Flour Mills Co., 282 Pa. 362; Johnston v. Canonsburg Borough, 34 D. & C. 123; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

In Harr, Secretary of Banking, v. Mikalarias, 328 Pa. 49, which was a suit brought to collect the unpaid portion of a stock subscription, defendant raised as a question of law the fact that demand had not been made upon him for the length of time designated in section 723 of the Department of Banking Code. Mr. Justice Stern, speaking for the Supreme Court, at page 55, said, inter alia:

". . . we are led inevitably to the conclusion that section 723 covers liability of stockholders arising from unpaid subscriptions as well as their statutory liability, and therefore that defendant was entitled by its provisions to a minimum of thirty days in which to pay the assessment. As the notice, contrary to the provision of the act, gave no such time, and the present suit was in fact started within ten days

thereafter, the affidavit of defense was properly sustained. The action being prematurely brought was subject to abatement . . ." See Beckman, Secretary of Banking, v. Buckwalter et al., 341 Pa. 561.

The learned counsel for plaintiff contends that the notice gave defendant a period of not less than 30 days after the date of the sending thereof in which to make payment. How can it be said that the date of notice, fixed as *on or about* the 22nd day of May, 1935, and the date required for payment, fixed as *on or before* June 20, 1935, meet the requirements of the act of assembly.

Deleting the words "on or about" preceding the date notice was sent and the words "on or before" preceding the date payment was required, we have a period extending from May 22nd to June 20th, within which time "such assessment shall be paid, such period to be not less than thirty days after the date of the sending of the notice". Excluding the date notice was sent and including the last day on which the money was to have been paid, we have only 29 days. Consequently, plaintiff did not meet the condition precedent prescribed by the act of assembly by giving a period of time not less than 30 days after the date of sending the notice during which payment could have been made by defendant without being liable in an action of assumpsit.

Do the words "on or about" preceding the date notice was sent and "on or before" preceding the date payment was to have been made bring plaintiff within the time prescribed by statute? A careful perusal of the books and cases convinces us that the answer must be "no".

*"On or about."* With regard to place, "on or about" means anywhere or everywhere upon, but not outside of, the locus. With regard to time it is a relative term, sufficiently definite in certain connections, but rendering the statement which it modifies insufficient for pur-

poses to which definite accuracy is requisite. "On or about" a given day may, in literal strictness, mean on the day or on a day either before or after the day. See 46 C. J. 1098, sec. 13.

In Paine v. Commissioner of the State Land Office et al., 66 Mich. 245, 33 N. W. 493, the court said: "But 'on or about' March 8 is just as consistent with a day or two after as before." In Lee v. Village of Greenwich, 48 App. Div. 391, 63 N. Y. Supp. 160, "on or about" a certain day (where statute required notice in such a case) was held altogether too uncertain and indefinite.

*"On or before"*. With relation to a specified time or event, "on or before" means immediately at, or at any time in advance of, the instant of such time or event; that is to say, to the exclusion of any time after that to which the preposition has relation, not after. 46 C. J. 1099, sec. 14.

In Conway et al. v. Sperry et al., 24 Dist. R. 540, a case involving notice of intention to file a mechanic's lien, the notice set forth "on or about a certain date" and the court held that the words "on or about" were altogether uncertain and indefinite.

In Mazzarella v. Whelen, 276 Pa. 313, the statement of claim in an action for criminal conversation charged that the offense was committed on or about September 7, 1921. It was held that August 26th or 27th was not so far removed from September 7th as to be "on or about" it, within a fair license of pleading. We must recognize, however, that the latter case involved a matter of pleading a date which came within the statutory period covering criminal conversations, whereas, in the instant case plaintiff has the burden, before his action can be sustained, of showing from the face of the statement of claim that the period designated within which the assessment should be paid was not less than 30 days after the date of sending the notice, a condition precedent to his right to sue (see 12

C. J. 407, 1 C. J. S. 1066, §§25, 26, and 27; Beckman, Secretary of Banking, v. Koerper, 34 D. & C. 326, 328), which he has wholly failed to establish.

From the face of the statement of claim it appears that notice was not given for the time required by the act of assembly; consequently, the suit was prematurely brought and the affidavit of defense raising questions of law must be decided in favor of defendant.

### Order

And now, April 17, 1942, after due and careful consideration, we are compelled to decide the questions of law raised in the affidavit of defense in favor of defendant, without prejudice to plaintiff's right to file an amended statement of claim within a period of 60 days from date hereof, setting forth with accuracy the correct date on which notice was sent and demand made by the Secretary of Banking on defendant for payment; and without prejudice to plaintiff's right to discontinue and, after compliance with the requirements of section 723 of the Department of Banking Code, to institute a new action, if the same has not been barred by the statute of limitations.