## Fonder *v.* Rosenstein, Appellant.

*Practice, C. P.—Amendment—Defective statement of claim.*

1. Where a case is tried on its merits on a defective statement of claim and results in a verdict and final judgment, the appellate court will treat the case as if the statement of claim had been amended so as to make it conform to the evidence produced at the trial.

*Contract—Agreement to repay expenses incurred—Building operation.*

2. In an action of assumpsit there was evidence tending to show that the defendant approached the plaintiff to secure from him an estimate for a building operation. It was agreed between them that the plaintiff should submit an estimate and should employ at a weekly salary a person to help in the preparation of the bids and other work necessary to ascertain the cost of construction. The plaintiff was to pay the salary, but was to be repaid by the defendant as soon as the bid was accepted. The right was reserved to the plaintiff to reject any and all bids. The plaintiff complied with his agreement, prepared the bids and estimates, and paid the salary of the assistant. The defendant rejected the bids; and there was evidence that at the time he made the contract with the plaintiff, he knew that he would not have money enough to carry on the operation. *Held,* that it was for the jury to decide whether under the evidence the plaintiff was entitled to recover from the defendant the salary which he had paid out of his own money to the assistant.

Argued Dec. 12, 1912. Appeal, No. 173, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1910, No. 3,003, on verdict for plaintiff in case of Edward F. Fonder v. Meyer Rosenstein. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover moneys paid out for the benefit of defendant. Before KINSEY, J.

The pleadings and evidence are fully set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $447.20. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*George M. Henry,* with him *Charles I. Cronin,* for appellant.—The defendant had the absolute right to reject any and all bids: American Pavement Co. v. Wagner, 139 Pa. 623; Leskie v. Haseltine, 155 Pa. 98; Anderson v. Public Schools, 122 Mo. 61 (27 S. W. Repr. 610).

It is not necessary that a reason should be given by de-

fendant for not accepting the bid: Anderson v. Public Schools, 122 Mo. 61(27 S. W. Repr. 610); American Pavement Co. v. Wagner, 139 Pa. 623; Leskie v. Haseltine, 155 Pa. 98.

Where a payment is to be made on the happening of a condition precedent, the money does not become due until and unless such condition actually happens: Hillman v. Joseph, 9 Pa. Superior Ct. 1; Walters v. American Bridge Co., 234 Pa. 7.

A conditional acceptance does not constitute a contract: Swing v. Walker, 27 Pa. Superior Ct. 366.

*Bruce A. Metzger,* with him *Howard M. Long,* for appellee, cited: Philadelphia v. Tripple, 230 Pa. 480.

OPINION BY MORRISON, J., February 27, 1913:

In this action of assumpsit the plaintiff, a general contractor and builder doing business in Philadelphia, sets forth his cause of action in his declaration as follows:

"Plaintiff avers and says that on the 22d day of February, 1910, the defendant called at plaintiff's office, having in his possession part of the blue prints and specifications for an apartment house to be erected at 44th and Walnut streets, Philadelphia, Pa., for defendant, who stated that he had the money to build the said apartment house, and asked plaintiff to give him an estimate for which plaintiff would be willing to erect the said apartment house, the plaintiff to receive a commission of five per cent upon the cost of the said building. It was also agreed between plaintiff and defendant at that time that all expenses of plaintiff in getting bids from subcontractors and prices on the various parts of the work required to erect the said building should be paid for by the defendant. That at the suggestion of the said defendant plaintiff employed one Anthony Loeper to work on the said apartment house digging test holes, etc., securing the said bids from subcontractors and doing other work necessary to ascertain the cost of erecting

the said apartment house, the salary of the said Anthony
Loeper was $30.00 per week, which salary plaintiff was to
pay and add the same to the amount of his estimate as
to the cost of erecting the said building, and after the
work was started on the said building the salary of the
said Anthony Loeper was to be paid by the defendant.
Plaintiff avers and says that he did employ the said
Anthony Loeper according to the said agreement, and
incurred certain other expenses in preparing his said
estimate as to the cost of erecting the said apartment
house, a detailed statement of the said expenses and of
the wages paid the said Anthony Loeper being hereto
attached, made part hereof and marked exhibit 'A.'
Plaintiff avers and says that the total amount of the
said expenses and wages was $400, and that the same
was incurred under the agreement between the plaintiff
and the defendant, as hereinbefore stated. That the
said defendant has been unable to proceed further with
the erection of the said apartment house for lack of funds,
and that he knew at the time he first called upon plaintiff
that he did not have the money with which to build the
said apartment house. Plaintiff, therefore, claims of
the said defendant the said sum of $400 expended by
plaintiff as aforesaid, which is justly due and owing by
defendant to plaintiff, with interest thereon from the
said 20th day of May, 1910," etc.

There is evidence that the plaintiff employed Loeper
at the request of the defendant and that for the services
rendered by Loeper the plaintiff paid, and under the
evidence the jury could find that there was about the
sum of $400, with interest thereon from May 20, 1910,
which the plaintiff had expended on request of the de-
fendant and on the promise of the latter to repay the
same after the work was started on the building, as
stated in the plaintiff's declaration. The declaration does
not aver that the plaintiff actually made the estimate
to which he refers in his declaration and tendered the
same to the defendant, although it may be implied from

the declaration that such estimate was made.  It appears
from the testimony that the plaintiff did prepare the
estimate and furnished the same to the defendant in
writing and this estimate was for the construction of
the building according to plans and specifications of
Milligan & Webber, architects, for the sum of $165,000.
The testimony which was offered and received during
the trial, without exception, would warrant an amend-
ment to the declaraion to the effect that the plaintiff
made and submitted the estimate to the defendant and
in all respects complied with his contract, and that the
defendant wrongfully refused to go ahead with the con-
struction of the building and thereby put it out of the
power of the plaintiff to have the salary of Loeper paid
by the defendant after the work was started on the
building.

The case having been tried on its merits on a defective
declaration the question arises, ought the judgment to
be reversed because some of the evidence was perhaps
not admissible under the declaration?  We find plenty
of authorities that where the parties elect to try the case
upon its merits and it goes to verdict and final judg-
ment, the appellate court may treat the case as if the
declaration had been amended so as to make the evi-
dence competent.  The following are some of the authori-
ties on that question: Com. v. McWilliams, 11 Pa. 61;
Bailey v. Coal R. R. Co., 139 Pa. 213; Thompson v.
Cross, 16 S. & R. 350; Gates v. Johnston, 3 Pa. 52; Quick
v. Miller, 103 Pa. 67.  We therefore propose to consider
the case as if the declaration had been so amended as to
aver the full performance of his contract by the plaintiff,
and a wrongful refusal of the defendant to go on with
the construction of the building after he had induced
the plaintiff to expend the money claimed in this suit
on a promise that the same should be repaid to the plaintiff.
The evidence will also warrant an averment in the dec-
laration that the plaintiff knew that he did not have
the money to erect the building and that he was guilty

of a wrongful act in representing to the plaintiff that he had the money and thereby inducing him to believe that he would receive five per cent on the price of the construction, and also inducing him to pay out the money to Loeper which is claimed in the declaration.

The first assignment of error is that the court erred in refusing a binding instruction in favor of the defendant. This point was refused without reading it to the jury and an exception granted to the defendant. We do not think the court erred in refusing this point because, under the evidence, the right of the plaintiff to recover depended upon the inferences and findings of fact which the jury might draw and find from the evidence.

The second assignment is based on the defendant's second point and the answer thereto by the court and, in our opinion, if the jury found from the evidence that the defendant wrongfully refused to go ahead with the building after he had induced the plaintiff to expend the money claimed in this suit, then the answer to the point does not disclose reversible error.

The third assignment is not in accordance with the rules and it will not be considered, but it is of no importance because it is, in effect, a repetition of the second assignment.

The fourth assignment complains because the court did not enter judgment for the defendant non obstante veredicto. If we are right in our conclusion that the first point could not be affirmed, then there was no error in refusing judgment non obstante veredicto for the defendant.

For the purpose of showing that the case was for the jury we here quote from the testimony of plaintiff and another witness. Plaintiff on the stand:

"Q. Did you see Mr. Rosenstein after that? A. I think it was the 22d of February. . . . . Q. What happened at that time between you and Mr. Rosenstein? A. At that time it was understood that I was to employ Mr. Loeper. Q. Understood between who? A. Mr.

Rosenstein, Mr. Loeper and I.  He was to get $30.00 a week and prepare estimates for this apartment house at 44th and Walnut.  Q. Who was to pay Mr. Loeper?  A. I was supposed to pay him.  Q. How were you to be reimbursed?  From whom?  A. I was to be reimbursed after we had prepared the sub-bids for the material and everything in the line of the construction of that building, and I was to get a commission of five per cent.  Q. Who was to reimburse you for what you paid Mr. Loeper? A. Mr. Rosenstein.  Q. Did you ever employ Mr. Loeper on this work for Mr. Rosenstein?  A. Only at his request. Q. How long did you employ him?  A. I judge he was there about four months.  Q. What did you pay him per week?  A. $30.00.  Q. From whose funds was it paid, your's or Mr. Rosenstein's?    A. Paid from my personal fund. Q. Did Mr. Rosenstein ever pay it back to you?  A. No, sir."

Now turning to the testimony of Helen Darmstadter we find the following:

"Q. You don't know of your own knowledge about the circumstances under which the contract was entered into?  A. I know Mr. Loeper and Mr. Uhl came to see Mr. Fonder first.  Then they brought Mr. Rosenstein and introduced him, I think at his house, because Mr. Rosenstein knew Mr. Fonder when he came to the office. . . . Q. What was done at the office at the first meeting?  A. The idea was to build an apartment house. Mr. Uhl was to do the brick work; Mr. Loeper was to do the figuring and making up the estimates, then take care of the job, and Mr. Fonder was to be reimbursed for all of the services in the office.  Q. Was Mr. Rosenstein there then?  A. Yes, sir."

The defendant attaches much importance to the fact that in the specifications furnished to the plaintiff the right was reserved to the defendant to reject any and all bids, and much of his counsel's contention is based on this provision and the answer of the plaintiff to the following question: "Q. Then, if I understand you, as soon

as Mr. Rosenstein accepted your bid he was to repay you for all of that salary? A. Yes, sir." This evidently referred to the salary paid Loeper by the plaintiff which was claimed in this suit. Now, under all of the evidence, the jury could infer, first, that the refusal to accept the plaintiff's bid was entirely the fault of the defendant, and second, that if the plaintiff complied with his part of the contract and presented estimates to the defendant, and the latter wrongfully refused to accept the same and proceed with the building, he then became liable to repay the plaintiff the money which he had previously been induced by the defendant to pay Loeper. We do not think the defendant was bound to accept the plaintiff's estimate and proceed with the construction of the building in view of the provision in the specifications that he had a right to reject any and all bids, but we do not agree that, under the evidence, the defendant could avail himself of this provision and then escape liability for the money which he had induced the plaintiff to expend on the promise that it was to be repaid. In other words, the jury could find from the evidence a state of facts which would render the defendant liable for the money claimed in this suit.

The defendant set up a claim that the plaintiff was to furnish the estimate of the cost of the building and to supervise the construction of the same and to furnish twenty-five or thirty per cent of the money for said construction and wait on the defendant for repayment of the money and for so doing the plaintiff was to receive five per cent upon the total cost of the construction. It is not necessary to dwell upon this contention of the defendant because it is apparent that the jury rejected his claim that the plaintiff was to furnish twenty-five or thirty per cent of the money.

We think there was sufficient evidence to support the verdict of the jury in favor of the plaintiff and that the charge does not disclose reversible error. Indeed, the charge is not excepted to and it cannot be contended

that the learned trial judge did not leave the question of the right of the plaintiff to recover as one of fact to b^ found by the jury from all of the evidence. It may be that the charge might have been made somewhat fuller and clearer but if the defendant's learned counsel were not satisfied with the charge they ought to have called the attention of the trial judge to their grounds of dissatisfaction and have given him the benefit of their suggestions before the jury retired. It was quite evident they were not dissatisfied with the charge at its close or they would have excepted to it.

The assignments of error are all dismissed and the judgment is affirmed.