# Rattigan *v.* Findley, Appellant.

*Corporations—Stock—Insolvency—Assessment of stockholder—Account as prerequisite.*

In an action by a receiver of an insolvent corporation, to recover from the defendant the amount of unpaid subscription to its capital stock, it is not necessary to take an account of the debts, assets and unpaid capital, where the whole amount is required to pay debts.

Where the uncontradicted evidence established the adjudication of the insolvency of the incorporation and appointment of the plaintiff as the receiver, that the stock subscribed for had all been paid for in full, except a few hundred dollars, and that the debts amounted to much more than the unpaid stock and all other assets of the corporation, there was no necessity to take a formal account in order to maintain an action against the stockholder.

Argued April 18, 1927. Appeal No. 10, April T., 1927, by defendant from judgment of C. P. Butler County, March T., 1924, No. 101, in the case of H. T. Rattigan, Receiver of the Butler Times, v. William

C. Findley.   Before PORTER, P. J., HENDERSON, TREX-
LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.
Affirmed.

Assumpsit to recover the amount of subscription
to the capital stock of an insolvent corporation. Before
HENNINGER, P. J.

The facts are stated in the opinion of the Superior
Court.

The court gave binding instructions in favor of the
plaintiff and a verdict was rendered in the sum of
sixty-six dollars, and judgment was entered thereon.
Defendant appealed.

*Error assigned,* among others, was in directing a
verdict for the plaintiff.

*W. H. Martin,* and with him *W. C. Finley,* for ap-
pellant.

*John H. Wilson,* for appellee.

OPINION BY PORTER, P. J., July 8, 1927:

This is an action by the receiver of an insolvent cor-
poration to recover from the defendant the amount of
a subscription to its capital stock.   The plaintiff re-
covered a verdict and judgment in the court below and
the appeal is by the defendant.

The contract of subscription in this case was absolute
and without condition or terms relieving the stock-
holders from the payment of the full par value of the
stock.   The defendant contends that the plaintiff, re-
ceiver, was not entitled to maintain the action for the
reason that there had been no assessment made upon
the stockholders by the directors of the corporation
while the company remained solvent, nor by the court
after the adjudication of insolvency; that after the ad-
judication of insolvency of the corporation the stock-

holder was liable only for so much of his unpaid subscription as might be required to pay the creditors, and it was necessary for the court to proceed in an orderly manner, to ascertain the amount of the assets of the corporation, the payments which had been made upon the subscriptions of the various stockholders and assess each stockholder for the amount which he was required to pay, before an action at law could be maintained by the receiver against the several stockholders. The appellant relies in support of his contention upon the decision of the Supreme Court in Lane's Appeal, 105 Pa. 49. The decisions upon which the appellant bases his contention were creditors' bills, filed against insolvent corporations, to compel the payment by the stockholders of their unpaid subscriptions, and it was there held that in such cases there must be an account taken of the amount of debts, assets and unpaid capital and the decree for an assessment of the amount due by each stockholder. ''But the necessity for this does not exist when the whole amount is required to pay the debts. Hence, in such cases, as was said in Yeager v. Scranton Trust Co., 14 W. N. C. 296, an assessment is not essential. The assignee may sue at once, for all is required'': Citizens and Miners Savings Bank v. Gillespie, 115 Pa. 573; Swearingen v. Dairy Co., 198 Pa. 75. The uncontradicted evidence in this case established the adjudication of the insolvency of the corporation, the appointment of the plaintiff as receiver; that the stock subscribed for had all been paid for in full except a few hundred dollars and that the debts amounted to much more than the unpaid stock and all other assets of the corporation. This being so the plaintiff was entitled to maintain the action and the assignments of error must be dismissed. This disposes of the questions which the appellant has stated to be involved.

The judgment is affirmed.