Bell, Secretary of Banking, Appellant, *v.* Culler.

Argued March 23, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Jos. J. Baer,* with him *Francis E. Criner* and *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Thomas E. Whitten,* with him *Paul Barnhart,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 12, 1943:

The Secretary of Banking became the Receiver in 1931 of the Farmers and Merchants Bank of West Newton, Pa., incorporated under the Act of May 13, 1876, P. L. 161. On June 18, 1940, having concluded that the assets of the bank would be insufficient to pay its creditors in full, he determined to enforce the additional statutory liability of the stockholders. and levied an

assessment against them of $100 per share. He mailed to each of them a notice of the assessment and a demand for payment, and instituted actions at law against those who failed to respond. The present is such a suit.

The statement of claim sets forth that the total capital stock of the bank was $85,000; that the liabilities on June 18, 1940, the date of the assessment, were $166,393.16 and the appraised value of the assets $75,-628.26; the deficiency being therefore $90,764.90, it was necessary to assess the stockholders to the full extent of their liability. Defendant, the owner of 26 shares, filed an affidavit of defense raising questions of law. In the proceedings in the Court of Common Pleas of Westmoreland County in which possession of the bank was taken by the Secretary and the liquidation conducted, and to which reference is made in the statement of claim, six partial accounts have been filed by the Receiver in each of which the stated value of the assets exceeded the liabilities. Defendant accordingly contends that the allegation of insolvency in the statement of claim is inconsistent with those accounts, all of which were confirmed by the Court, and that, before proceeding with the actions against the stockholders, the Secretary should be compelled to file another account justifying his present statement of the value of the assets and the extent of the liabilities. The Court neither sustained nor overruled the affidavit of defense raising questions of law, but entered a decree ordering the Secretary to file an account as Receiver as of June 18, 1940, the date of the assessment, and give notice of such filing to each of the stockholders subject to the assessment, all proceedings meanwhile to stay.

Plaintiff's appeal from this decree must be sustained. It was pointed out in a footnote to the opinion in *Harr* v. *Mikalarias*, 328 Pa. 49, 53, 195 A. 86, 88-89, that while, previous to recent legislation, a judicial determination of the fact of insolvency was required before suits could be brought against the individual stockholders, the

Banking Department Act of 1919, P. L. 209, the Banking Act of 1923, P. L. 809, and the Department of Banking Code of 1933, P. L. 565, all gave authority to the Secretary of Banking to determine the need and amount of assessment, thus obviating the necessity of a preliminary judicial hearing and decree. This change in the law was referred to also in *Gordon, Secretary of Banking* v. *Biesinger,* 335 Pa. 1, 4, 5, 6 A. 2d 425, 426, 427. The decree requiring the Secretary to file another account in order that it may be preliminarily determined whether insolvency exists and whether an assessment is necessary is in direct opposition to this legislation. Under the law as it now stands the conclusion of the Secretary that the assets will be insufficient to meet the liabilities and that an assessment is required must be accepted as prima facie correct, that is, subject to attack only for fraud, illegality, bad faith, or obvious error.* If ultimately it turns out that any assets remain after payment of depositors and other creditors, the surplus will be returnable to the stockholders.

Defendant's contention that the allegation of insolvency in the statement of claim is, on its face, at variance with the accounts filed by the Receiver is based upon a misconception. The values ascribed to the assets in the various accounts are mere appraisals, and, as the liquidation proceeds, gradually substituting actualities for opinions, a better picture of the situation can be obtained from time to time. The prices realized from the sales of assets may well show a shrinkage from the previously appraised values, especially because the periodical partial accounts do not contain revised appraise-

---

* See *Broderick* v. *Adamson,* 265 N. Y. S. 804, 822, 823; *Broderick* v. *Heinemann,* 293 N. Y. S. 879; *Kennedy* v. *Gibson,* 8 Wall 498, 505; *Casey* v. *Galli,* 94 U. S. 673, 681; *Studebaker* v. *Perry,* 184 U. S. 258, 263, 267; *Broderick* v. *American General Corporation,* 71 Fed. (2d) 864, 869, 870; 7 Amer. Jur. 101, §127; *Harr* v. *Morrison,* 5 Schuylkill Reg. 37.

ments but merely restate the original one. Moreover, the statute apparently intends that the Secretary, in determining the need for an assessment, should make an estimate of his own as to the likely liquidation value of the assets and not be bound by the official appraisement; presumably the values set forth in the statement of claim represent such an estimate. Nor is it of any moment that the accounts were confirmed by the Court and that the Department of Banking Code of 1933, section 1010(b), provides that the confirmation of any account shall be conclusive as to all matters therein, because this section of the statute obviously cannot mean that the appraised values stated in the accounts are conclusively determined by the confirmation to be the actual values of the assets which will be realized in subsequent liquidation.

The decree of the court below is reversed, and the record is remitted with direction to overrule the affidavit of defense raising questions of law with the right to defendant to file an affidavit of defense to the merits, the defense to be subject, however, to the limitations above set forth.