## Freeman, Appellant, *v.* Brady et al.

250

Argued April 12, 1945. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Joseph J. Baer*, with him *John W. Lord, Jr.*, Special Deputy Attorney General, and *James H. Duff*, Attorney General, for appellant.

*Dean D. Sturgis*, with him *Lewis M. D'Auria, J. Kirk Renner, Joseph W. Ray, Jr., Davis W. Henderson*, and *M. Bowman McDonald*, for appellees.

Opinion by Mr. Justice Linn, May 21, 1945:

The suit began by the Secretary's bill for a decree requiring defendants, as shareholders of a trust company in liquidation, to pay unpaid stock subscriptions. Preliminary objections were filed, asserting that the remedy was at law and that the claims were barred by limitation. As the statute expressly authorized the Secretary to bring such suits "at law or in equity," we reversed and remitted the record for trial (1) whether the Secretary had made demand on the shareholders within a reasonable time, and (2) whether the action was barred, 346 Pa. 666. The court found that the assessment was not made in a reasonable time and the action was barred.

This appeal is from the decree dismissing the bill on that ground.

We could find no fault with the decision and should be obliged to affirm it, if, on further reflection and after hearing additional argument on the subject, we had not come to the conclusion that a different result is required by a proper interpretation of Section 723 of Article VII, of the Act of May 15, 1933, P. L. 565, 596, 71 PS section 733-723.

"Section 723. Enforcement of Shareholders' Liability.

"A. If *at any time* * after he takes possession of a corporation as receiver, it shall appear to the secretary that the assets of such corporation will be insufficient to pay in full its debts to depositors and other creditors, he shall, *as soon as expedient,* estimate the amount which shall be assessed against all shareholders who are, under these circumstances, personally liable for any part of the debts of such corporation, by reason of their ownership of such shares. He shall assess against such shareholders the amount which he then deems necessary for the payment of such debts, not however exceeding the maximum liability of such shareholders, as provided by law. The secretary shall send to every such shareholder by registered mail to the address which appears on the records of the corporation, or if none appears there, then to his last known address, a demand that the amount assessed against him be paid. Such demand shall state the total amount assessed by the secretary against all the shareholders, and the specific amount to be paid by the particular shareholder. It shall also designate a period within which such assessment shall be paid, such period to be not less than thirty days after the date of the sending of the notice. If any shareholders shall not pay the amount assessed against them, the secretary may institute actions at law or in equity

* Italics supplied.

against them, either severally or jointly, for the amount of such assessment, together with interest from the date designated in the notice from the secretary, for the payment of such assessment. In such action, *the written statement of the secretary,* signed by him in his official capacity as receiver and bearing the seal of the department, asserting that the assets of the corporation appear insufficient to meet its liabilities to depositors and other creditors, that consequently he has made an assessment against the shareholder or shareholders being sued, that the period designated for the payment of the assessment has expired, and that the value of the assets of the corporation and the liabilities of such corporations are as set forth, *shall be prima facie evidence of the facts therein stated."* The provision for assessment "against all shareholders who are . . . personally liable for any part of the debts of such corporation by reason of their ownership of such shares," has been held to include the collection of unpaid stock subscriptions as well as sums due on the shareholder's statutory liability: *Harr, Secretary, v. Mikalarias,* 328 Pa. 49, 195 A. 86; *Bell, Secretary, v. Brady,* 346 Pa. 666, 669, 31 A. 2d 547; *Freeman, Secretary, v. Rogal,* 351 Pa. 266, 40 A. 2d 853.

In *Bell v. Brady,* 346 Pa. 666, 31 A. 2d 547, attention was called to the difference in the contractual nature of the liability for unpaid stock subscription, and the statutory origin of the liability to contribute a sum equal to the par value of shares held, and it was said that as the former was contractual and the latter statutory, the application of the statute of limitations should depend, in the former case, on demand within a reasonable time, and in the latter, on the date of assessment and demand. But, since that case was decided, we have had occasion to reconsider the general subject in *Freeman v. Rogal,* 351 Pa. 266, 40 A. 2d 853, a suit to enforce the additional statutory liability, and have concluded that a proper construction of Section 723 requires revision of what was said when we remitted the record.

We therefore conclude that the Secretary is charged with the responsible duty of determining when the assessment shall be made and the amount, and that his action is reviewable only for "fraud, illegality, bad faith or obvious error," ** and that this was provided by Section 723: "If at any time after he takes possession . . . it shall appear to the secretary that the assets . . . will be insufficient to pay in full its debts . . . he shall, as soon as expedient, estimate the amount which shall be assessed against all shareholders who are . . . personally liable for any part of the debts . . . by reason of their ownership of such shares. He shall assess against such shareholders the amount which he then deems necessary for the payment of such debts. . . ."

In the circumstances, we must set aside the decree appealed from and remit the record with instructions to enter decrees against each of the defendants requiring them severally to pay the amount of the balance due on their respective shares with interest. Leave is granted to take such further testimony as may be necessary for the proper disposition of issues presented.

The Secretary, as receiver of the Title and Trust Company of Western Pennsylvania, shall charge his account with the costs of this and the prior appeal which shall be paid out of the fund for distribution.

---

** See *Bell v. Culler*, 347 Pa. 253, 256, 32 A.2d 1.